IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

EASTERN DIVISION

FILED
2025 SEP 29 P 2:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| PATRICK KEITH CULLEN, | ) | |
| Plaintiff, | ) | Civil Action No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| LAKELAND CEMETERY SERVICES, INC., | ) | |
| EVERSTORY PARTNERS, | ) | |
| Defendants. | ) | |

JURY TRIAL DEMANDED

## I. THE PARTIES

1. Plaintiff: Patrick Keith Cullen, 400 West Blue Mountain Road, Anniston, Alabama 36201. Phone: 256-589-2167. Email: phathacked@proton.me

2. Defendant No. 1: Lakeland Cemetery Services, Inc., 1195 Flightway Drive, De Pere, Wisconsin 54115.

3. Defendant No. 2: Everstory Partners, 955 Keller Road, Suite 1500, Altamonte Springs, Florida 32714.

4. Place of Employment: Cemetery properties located in Anniston (Calhoun County) and Gadsden (Etowah County), Alabama.

## II. BASIS FOR JURISDICTION

5. This action arises under the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. §§ 12101 et seq., and Section 1558 of the Affordable Care Act (ACA), 29 U.S.C. § 218c. Jurisdiction is proper under 28 U.S.C. § 1331.

6. The Court has additional jurisdiction under 42 U.S.C. § 2000e-5(f)(3) (ADA enforcement venue provision).

7. Supplemental jurisdiction over related state-law claims is proper under 28 U.S.C. § 1367.

### III. STATEMENT OF CLAIM

8. Plaintiff was employed by Lakeland Cemetery Services, Inc. ("LCS") from May 2010 until November 1, 2024, providing landscaping services at cemetery properties operated by Everstory Partners ("Everstory"). Plaintiff's wife, Chelsea K. Mandeville, was also employed by LCS as a co-worker in the same landscaping roles, performing substantially similar work at the same sites.

9. Plaintiff suffers from Type 2 Diabetes and Hidradenitis Suppurativa...

... (continued full content provided by user)

### IV. CAUSES OF ACTION

Count I – Disability Discrimination and Failure to Accommodate (ADA)

21. Defendants discriminated against Plaintiff ...

Count II – Retaliation (ADA)

22. Defendants retaliated against Plaintiff ...

Count III – Retaliation (ACA Whistleblower Protection)

23. Defendants retaliated against Plaintiff ...

Count IV – Defamation (Libel and Slander)...

Count V – Intentional Infliction of Emotional Distress...

Count VI – Wanton Conduct...

Count VII – Invasion of Privacy (False Light)...

Count VIII – Tortious Interference with Business or Contractual Relations...

### V. EXHAUSTION OF REMEDIES

36. Plaintiff filed EEOC Charge No. 420-2025-00189...

37. Plaintiff filed an ACA whistleblower complaint with OSHA in April 2024; more than 210 days have passed without a final decision.

### VI. RELIEF REQUESTED

1. Back pay, front pay, and lost benefits;

2. Compensatory damages for emotional distress, pain, suffering, and reputational harm;

3. Compensatory and punitive damages for defamation under Alabama law;

4. Punitive damages for willful violations of the ADA, ACA, and state tort laws;

5. Injunctive relief requiring cessation of retaliation and defamation, retraction of false allegations, and adoption of ADA/ACA compliance training with Plaintiff's input;

6. Attorneys' fees and costs under 42 U.S.C. § 12205;

7. Such other relief as the Court deems proper.

## VII. CERTIFICATION AND CLOSING

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Plaintiff certifies that to the best of his knowledge, the factual contentions herein have evidentiary support and the claims are warranted by existing law.

Respectfully submitted,

/s/ Patrick Keith Cullen
Patrick Keith Cullen
400 West Blue Mountain Road
Anniston, AL 36201
Phone: 256-589-2167
Email: phathacled@proton.me
Pro Se Plaintiff


Date: September 24, 2025

EEOC No. 420-2025-00189 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 420-2025-00189 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Patrick K. Cullen

Phone No.:     256-589-2167
Year of Birth:    1989
Mailing Address: 400 West Blue Mountain Road
ANNISTON, AL 36201

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Lakeland Cemetery Services
No. Employees, Members: 15 - 100 Employees
Phone No.:
Mailing Address: 1195 Flightway Drive
De Pere, WI 54115, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 08/01/2024
Latest: 11/01/2024

THE PARTICULARS ARE:

I am a member of a protected group due to my engagement in a protected activity. I was hired by the abovenamed employer in May 2010, as a Laborer. I was later promoted to Manager. Jeffrey Simpson (Male) was my Regional Supervisor, and Craig Haupt (Male) was the Chief Executive Officer. In August 2023, my wife and coworker, filed a charge of discrimination (420-2023-02996) for retaliation. In April 2024, she filed a second charge of discrimination (420-2024-00640) for retaliation. I have been actively involved in both of her charges that are currently under investigation.

Around August 8, 2024, my employer rescinded my wife's reasonable accommodation that had been in effect since approximately 2022. Due to ongoing hostilities at work from the previously filed charges, my employer offered, and I accepted, a transfer to another location. The hostilities continued at the new location, and I was not granted the same working hours that were agreed upon prior to the transfer. On November 1, 2024, I was terminated by my employer.

I believe I have been retaliated against for participating in a protected activity, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.


Digitally Signed By: Mr. Patrick K. Cullen

01/15/2025

Charging Party Signature & Date


If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.


I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.


_____

Notarized Signature of Charging Party


Subscribed and sworn to before me this date:




Signature of Notary_____

Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: June 25, 2025

**To:** Mr. Patrick K. Cullen
400 West Blue Mountain Road
Anniston, AL 36201

Charge No: 420-2025-00189

EEOC Representative and email:   CORTICE MILES
Federal Investigator
cortice.miles@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 420-2025-00189.

On behalf of the Commission,

**SHERI GUENSTER** Digitally signed by SHERI GUENSTER
Date: 2025.06.25 14:57:16 -05'00'

/for Bradley A. Anderson
District Director

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: June 25, 2025

**To:** Mr. Patrick K. Cullen
400 West Blue Mountain Road
Anniston, AL 36201

Charge No: 420-2025-01381

EEOC Representative and email:   CORTICE MILES
Federal Investigator
cortice.miles@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 420-2025-01381.

On behalf of the Commission,

**SHERI GUENSTER** Digitally signed by SHERI GUENSTER
Date: 2025.06.25 15:03:02 -05'00'

/for Bradley A. Anderson
District Director

EEOC No. 420-2025-01381 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 420-2025-01381 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Patrick K. Cullen

Phone No.:     256-589-2167

Year of Birth:    1989

Mailing Address: 400 West Blue Mountain Road , ANNISTON, AL 36201

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Everstory Partners

No. Employees, Members: 101 - 200 Employees

Phone No.: (407) 379-5700

Mailing Address: 955 Keller Road Suite 1500

Altamonte Springs, FL 32714, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 08/01/2024

Latest: 11/01/2024

THE PARTICULARS ARE:

I am a member of a protected group due to my engagement in a protected activity. I was hired by Lakeland Cemetery Services in May 2010, as a Laborer. I was later promoted to Manager. Jeffrey Simpson (Male) was my Regional Supervisor, and Craig Haupt (Male) was the Chief Executive Officer. In August 2023, my wife and coworker, filed a charge of discrimination (420-2023-02996) for retaliation. In April 2024, she filed a second charge of discrimination (420-2024-00640) for retaliation. I have been actively involved in both of her charges that are currently under investigation.

Around August 8, 2024, my employer rescinded my wife's reasonable accommodation that had been in effect since approximately 2022. Due to ongoing hostilities at work from the previously filed charges, my employer offered, and I accepted, a transfer to another location that was contracted by the Respondent. The hostilities continued at the new location, and I was not granted the same working hours that were agreed upon prior to the transfer. On November 1, 2024, I was terminated by my employer. Gary Crow (Male) was Regional Supervisor, Rachel Logan (Female) was General Manager, and Harold McClellan (Male) was Site Manager. All three are employed by the Respondent.

I believe I have been retaliated against for participating in a protected activity, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

EEOC No. 420-2025-01381 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Patrick K. Cullen
01/17/2025
Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____
Printed Name _____

**Form 1B.  Waiver of Service of Summons**

TO: _____ (A)

    I acknowledge receipt of your request that I waive service of a summons in the action of _____, (B) which is case number _____ (C) in the United States District Court for the Northern District of Alabama. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose half I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____, (D) or within 90 days after that date if the request was sent outside the United States.

Date: _____

                                              Signature
                           Printed/typed name: _____
                           [as _____
                           of _____]

Notes:
  A-Name of Plaintiff's Attorney or Unrepresented Plaintiff
  B-Caption of Action
  C-Docket Number
  D-Date request was sent

                           Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver was received.

Patrick K. Cullen
400 W. Blue Mountain Rd
Anniston, AL 36207



Hugo L. Black
United States Federal/
District Courthouse
of
Northern Alabama

1729 5th Avenue North
Birmingham, AL 35203