UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

EASTERN DIVISION

FILED
2025 SEP 29 P 2:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PATRICK KEITH CULLEN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| LAKELAND CEMETERY. | ) |
| SERVICES, INC., | ) |
| EVERSTORY PARTNERS, | ) |
| Defendants. | ) |

## MOTION FOR EQUITABLE TOLLING

TO THE HONORABLE COURT:

Plaintiff Patrick Keith Cullen, proceeding pro se, respectfully moves this Court for equitable tolling of the 90-day deadline to file suit following receipt of his EEOC Right to Sue letter, and in support thereof states:

## I. BACKGROUND

1. On June 25, 2024, at approximately 3:00 PM, the Equal Employment Opportunity Commission issued Plaintiff a Right to Sue letter for EEOC Charge No. 420-2025-00189.

2. Under 42 U.S.C. § 2000e-5(f)(1), Plaintiff had 90 days from receipt of this notice to file a civil action, making the deadline September 23, 2025.

3. Plaintiff seeks equitable tolling to file this action on September 25, 2025, a delay of two (2) days beyond the statutory deadline.

## II. **GROUNDS FOR EQUITABLE TOLLING**

4. Phone Service Interruption: On June 24, 2025, Plaintiff's phone service was disconnected due to a lapse in service. Phone service was restored on June 27, 2025. Carrier records and available text messages from the carrier will demonstrate this interruption of communication services.

5. Financial Hardship from Wrongful Termination: Plaintiff was wrongfully terminated by these same Defendants in November 2024, as detailed in the underlying civil complaint. This termination created significant financial hardship, preventing Plaintiff from maintaining consistent phone service and resulting in the car insurance payment being late in June 2025. The car insurance issue was not corrected until July 2025, as evidenced by policy payment documents. Plaintiff does not drive, further limiting his ability to access alternative communication methods.

6. Delayed Receipt of Notice: Due to the phone service interruption on June 24-27, 2025, Plaintiff was unable to receive the EEOC Right to Sue letter issued on June 25, 2025, until after phone service was restored on June 27, 2025.

7. Extraordinary Circumstances: The combination of financial hardship from Plaintiff's wrongful termination by these same Defendants in November 2024, the resulting phone service

disconnection coinciding with the EEOC notice, coupled with Plaintiff's inability to access alternative communication methods due to not driving and the car insurance issues, created extraordinary circumstances beyond Plaintiff's control that prevented timely filing.

### III. LEGAL STANDARD

8. Equitable tolling is appropriate when: (1) the plaintiff has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

9. The doctrine applies when a litigant's failure to meet a deadline is attributable to extraordinary circumstances beyond his control. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### IV. APPLICATION

10. Diligent Pursuit: Plaintiff has diligently pursued his rights through the administrative process, filing his EEOC charge and cooperating with the investigation.

11. Extraordinary Circumstances: The timing of the phone service interruption (June 24-27, 2025) coinciding precisely with the EEOC's issuance of the Right to Sue letter (June 25, 2025) created extraordinary circumstances beyond Plaintiff's control.

12. Minimal Delay: The requested tolling involves only a two-day extension, demonstrating Plaintiff's prompt action once the impediments were resolved.

13. Supporting Documentation: Plaintiff will provide carrier records showing the phone service interruption and insurance payment documents demonstrating the transportation limitations during the relevant period.

V. CONCLUSION

The brief two-day delay in filing was caused by extraordinary circumstances beyond Plaintiff's control that prevented his receipt of the EEOC notice until June 27, 2025. Equity and fairness support tolling the deadline to permit filing on September 25, 2025.

WHEREFORE, Plaintiff respectfully requests this Court grant his Motion for Equitable Tolling and deem his civil action timely filed.

Respectfully submitted,

/s/ Patrick Keith Cullen

Patrick Keith Cullen

400 West Blue Mountain Road

Anniston, AL 36201

Phone: (256)-589-2156

Email: phathacked@proton.me

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Equitable Tolling was served upon all parties of record by the method indicated below:

☐ U.S. Mail, postage prepaid

☐ Hand delivery

☐ Electronic filing

☐ Other: _____

This 25 day of September, 2025.

/s/ Patrick Keith Cullen

Patrick Keith Cullen

Phone: (256)-589-2167

Email: phathacked@proton.me

400 W Blue Mountain Road Anniston, Alabama 36201

EEOC No. 420-2025-00189 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 420-2025-00189 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Patrick K. Cullen

Phone No.: 256-589-2167
Year of Birth: 1989
Mailing Address: 400 West Blue Mountain Road
ANNISTON, AL 36201

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Lakeland Cemetery Services
No. Employees, Members: 15 - 100 Employees
Phone No.:
Mailing Address: 1195 Flightway Drive
De Pere, WI 54115, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 08/01/2024
Latest: 11/01/2024

THE PARTICULARS ARE:

I am a member of a protected group due to my engagement in a protected activity. I was hired by the abovenamed employer in May 2010, as a Laborer. I was later promoted to Manager. Jeffrey Simpson (Male) was my Regional Supervisor, and Craig Haupt (Male) was the Chief Executive Officer. In August 2023, my wife and coworker, filed a charge of discrimination (420-2023-02996) for retaliation. In April 2024, she filed a second charge of discrimination (420-2024-00640) for retaliation. I have been actively involved in both of her charges that are currently under investigation.

Around August 8, 2024, my employer rescinded my wife's reasonable accommodation that had been in effect since approximately 2022. Due to ongoing hostilities at work from the previously filed charges, my employer offered, and I accepted, a transfer to another location. The hostilities continued at the new location, and I was not granted the same working hours that were agreed upon prior to the transfer. On November 1, 2024, I was terminated by my employer.

I believe I have been retaliated against for participating in a protected activity, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

EEOC No. 420-2025-00189 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Patrick K. Cullen
01/15/2025
Charging Party Signature & Date


If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.


Notarized Signature of Charging Party


Subscribed and sworn to before me this date:




Signature of Notary_____
Printed Name _____

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: June 25, 2025

**To:** Mr. Patrick K. Cullen
400 West Blue Mountain Road
Anniston, AL 36201

Charge No: 420-2025-00189

EEOC Representative and email:   CORTICE MILES
Federal Investigator
cortice.miles@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 420-2025-00189.

On behalf of the Commission,

SHERI GUENSTER   Digitally signed by SHERI GUENSTER
Date: 2025.06.25 14:57:16 -05'00'

/for Bradley A. Anderson
District Director

**Cc:**
Megan Huizinga
413 Broad Street
Gadsden, AL 35901

Please retain this notice for your records.

EEOC No. 420-2025-01381 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 420-2025-01381 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Patrick K. Cullen

Phone No.: 256-589-2167

Year of Birth: 1989

Mailing Address: 400 West Blue Mountain Road, ANNISTON, AL 36201

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Everstory Partners

No. Employees, Members: 101 - 200 Employees

Phone No.: (407) 379-5700

Mailing Address: 955 Keller Road Suite 1500

Altamonte Springs, FL 32714, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 08/01/2024

Latest: 11/01/2024

THE PARTICULARS ARE:

I am a member of a protected group due to my engagement in a protected activity. I was hired by Lakeland Cemetery Services in May 2010, as a Laborer. I was later promoted to Manager. Jeffrey Simpson (Male) was my Regional Supervisor, and Craig Haupt (Male) was the Chief Executive Officer. In August 2023, my wife and coworker, filed a charge of discrimination (420-2023-02996) for retaliation. In April 2024, she filed a second charge of discrimination (420-2024-00640) for retaliation. I have been actively involved in both of her charges that are currently under investigation.

Around August 8, 2024, my employer rescinded my wife's reasonable accommodation that had been in effect since approximately 2022. Due to ongoing hostilities at work from the previously filed charges, my employer offered, and I accepted, a transfer to another location that was contracted by the Respondent. The hostilities continued at the new location, and I was not granted the same working hours that were agreed upon prior to the transfer. On November 1, 2024, I was terminated by my employer. Gary Crow (Male) was Regional Supervisor, Rachel Logan (Female) was General Manager, and Harold McClellan (Male) was Site Manager. All three are employed by the Respondent.

I believe I have been retaliated against for participating in a protected activity, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Patrick K. Cullen
01/17/2025
_____
Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:




Signature of Notary_____
Printed Name _____

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: June 25, 2025

**To:** Mr. Patrick K. Cullen
400 West Blue Mountain Road
Anniston, AL 36201

Charge No: 420-2025-01381

EEOC Representative and email:   CORTICE MILES
Federal Investigator
cortice.miles@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 420-2025-01381.

On behalf of the Commission,

SHERI GUENSTER
Digitally signed by SHERI GUENSTER
Date: 2025.06.25 15:03:02 -05'00'

/for Bradley A. Anderson
District Director

**Cc:**
Scott Ahrendt
Everstory Partners
955 Keller Road Suite 1500
Altamonte Springs, FL 32714

Please retain this notice for your records.

Form 1A.  Notice of Lawsuit and Request for Waiver of Service of Summons

TO: __Daniel J. Haupt / Craig Haupt__ (A)

[as __Owner / Vice President__ (B) of __Lakeland Cemetery Services, Inc.__ (C)]
   C.E.O.

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Alabama and has been assigned docket number _____ (D).

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within _____ (E) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, _____ 2025.

_____
Signature of Plaintiff's Attorney or Unrepresented Plaintiff

Notes:
  A-Name of individual defendant (or name of officer or agent of corporate defendant)
  B-Title, or other relationship of individual to corporate defendant
  C-Name of corporate defendant, if any
  D-Docket number of action
  E-Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

**Form 1A. Notice of Lawsuit and Request for Waiver of Service of Summons**

TO: _____Scott Ahrendt_____ (A)

[as _Vice President/_ (B) of _Everstory Partners L.L.C._ (C)]
Asst. General Counsel

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Alabama and has been assigned docket number _____ (D).

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within _____ (E) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.

_____
Signature of Plaintiff's Attorney or Unrepresented Plaintiff

Notes:
  A-Name of individual defendant (or name of officer or agent of corporate defendant)
  B-Title, or other relationship of individual to corporate defendant
  C-Name of corporate defendant, if any
  D-Docket number of action
  E-Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

*(copies of blank response forms provided with return envelope + paid postage to each respective defendant)*

# Form 1B.  Waiver of Service of Summons

TO: _____ (A)

    I acknowledge receipt of your request that I waive service of a summons in the action of _____, (B) which is case number _____ (C) in the United States District Court for the Northern District of Alabama. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose half I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____, (D) or within 90 days after that date if the request was sent outside the United States.

Date: _____

                                      _____
                                                Signature
                                    Printed/typed name: _____
                                    [as _____
                                    of _____ ]

Notes:
    A-Name of Plaintiff's Attorney or Unrepresented Plaintiff
    B-Caption of Action
    C-Docket Number
    D-Date request was sent

Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver was received.

Conversation between Me and 456 - page 1 of 1

---- Monday, Jun 23, 2025 ----

**456**

IMPORTANT: Your T-Mobile bill is past due. Pay now or set up a Payment Arrangement at t-mo.co/pay to avoid service interruption & $20 restore fee per line. CA Debt Collector Lic. #11141-99

9:41 AM

Read

---- Tuesday, Jun 24, 2025 ----

**456**

T-Mobile Msg: T-Mobile: IMPORTANT–Your T-Mobile monthly service has been suspended. You will not be able to make calls, send text messages, or access data until you pay your past due balance and a $20 per line restore fee. Pay now or set up a payment arrangement at t-mo.co/pay21 California Debt Collection Lic. No.: 11141-99.

9:20 AM

Read

---- Friday, Jun 27, 2025 ----

**456**

Your account has been restored. For details view the Account Events section on my.t-mobile.com.

11:28 AM

Read

Generated by GilApps SMS Backup & Print