UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **PATRICK KEITH CULLEN,**<br>    Plaintiff,<br>v.<br><br>**LAKELAND CEMETERY SERVICES, INC.,** *et al.*,<br>    Defendants. | Case No. 1:25-cv-1665-CLM |

## ORDER

Pro se plaintiff Patrick Keith Cullen sues Lakeland Cemetery Services, Inc. and Everstory Partners (collectively, "Defendants"), bringing several claims under federal and state law. These claims include: (1) discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"); (2) retaliation under the ADA; (3) retaliation under the Affordable Care Act ("ACA"); (4) defamation, libel, and slander; (5) intentional infliction of emotional distress; (6) wanton conduct; (7) invasion of privacy/false light; and (8) tortious interference with business or contractual relations. (*See* doc. 1, p. 2). Cullen moves for leave to proceed *in forma pauperis* ("IFP") (doc. 2). He also moves for equitable tolling because he filed this lawsuit more than 90 days after the Equal Employment Opportunity Commission issued his right to sue letter (doc. 3).

After screening these documents under 28 U.S.C. § 1915(e), the court **DEFERS RULING** on Cullen's motion for leave to proceed IFP (doc. 2) and his motion for equitable tolling (doc. 3) because of pleading deficiencies in Cullen's complaint. Cullen has until on or before **January 30, 2026**, to amend his complaint to cure the pleading deficiencies identified in this order. If Cullen fails to timely file an amended complaint or adequately address the pleading deficiencies that the court has identified, the court **will dismiss** this case under 28 U.S.C. § 1915(e).

## BACKGROUND

When a plaintiff files an IFP motion, this court must screen the complaint to determine whether the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). In reviewing the complaint for failure to state a claim, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Cullen's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must construe pro se complaints liberally, but it cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Cullen alleges that Defendants violated numerous federal statutes and committed torts under Alabama state law. He brings claims under the ADA (42 U.S.C. § 12112, 12203), the ACA (29 U.S.C. § 218c), and Alabama state law. Cullen seeks the following relief: (1) back pay, front pay, and lost benefits; (2) compensatory damages for emotional distress, pain, suffering, and reputational harm; (3) compensatory and punitive damages for defamation under Alabama law; (4) punitive damages for willful violations of the ADA, ACA, and Alabama law; (5) injunctive relief requiring cessation of retaliation and defamation, and adoption of ADA/ACA compliance training with Cullen's input; and (6) attorneys' fees and costs. (Doc. 1, p. 2-3).

## DISCUSSION

The court proceeds in two parts. First, the court analyzes whether Cullen's complaint complies with 28 U.S.C. § 1915(e)(2)(B)(ii). Second, the court addresses Cullen's motion for leave to proceed IFP and motion for equitable tolling.

I.   **The Complaint**

As discussed above, Cullen brings claims under the ADA, ACA, and Alabama state law. (Doc. 1, p. 2). But it appears to the court that Cullen unintentionally omitted portions of his complaint that would support his claims. Below is a snapshot of Cullen's complaint to show what the court means:

> **III. STATEMENT OF CLAIM**
> 
> 8. Plaintiff was employed by Lakeland Cemetery Services, Inc. ("LCS") from May 2010 until November 1, 2024, providing landscaping services at cemetery properties operated by Everstory Partners ("Everstory"). Plaintiff's wife, Chelsea K. Mandeville, was also employed by LCS as a co-worker in the same landscaping roles, performing substantially similar work at the same sites.
> 
> 9. Plaintiff suffers from Type 2 Diabetes and Hidradenitis Suppurativa...
> 
> ... (continued full content provided by user)
> 
> **IV. CAUSES OF ACTION**
> Count I – Disability Discrimination and Failure to Accommodate (ADA)
> 
> 21. Defendants discriminated against Plaintiff ...
> 
> Count II – Retaliation (ADA)
> 
> 22. Defendants retaliated against Plaintiff ...
> 
> Count III – Retaliation (ACA Whistleblower Protection)
> 
> 23. Defendants retaliated against Plaintiff ...
> 
> Count IV – Defamation (Libel and Slander)...
> 
> Count V – Intentional Infliction of Emotional Distress...
> 
> Count VI – Wanton Conduct...
> 
> Count VII – Invasion of Privacy (False Light)...
> 
> Count VIII – Tortious Interference with Business or Contractual Relations...

As seen above, Cullen omitted key portions of his complaint. He does not provide his full "statement of claims," as paragraph 9 trails off without providing the entire set of facts giving rise to Cullen's claims. Likewise, each of Cullen's "causes of action" trail off without establishing details required by the Federal Rules of Civil Procedure. Without this

information, Cullen fails to state a claim "on which relief may be granted." *See* 28 U.S.C. § 1915(e).

So Cullen must amend his complaint to fix these deficiencies. In the amended complaint, Cullen must clearly set forth the facts concerning any incident about which he complains. Specifically, Cullen must (1) identify each defendant he alleges participated in the violation of his rights or committed the tortious conduct; (2) describe what each defendant did that amounted to a violation of his rights or tortious conduct; (3) state when and where the incidents underlying the violation of his rights or tortious conduct occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to him; (5) identify the nature of that harm (e.g., loss of money, income, or property, or interference with his right to engage in or refrain from some activity); and (6) state the relief he seeks (e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses). Conclusory and general assertions are insufficient to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court also warns Cullen to avoid what is referred to as "shotgun pleading" in his amended complaint. The Eleventh Circuit has identified four types of shotgun pleadings, all of which are prohibited, and explains them as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.

4

> The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Cullen's original complaint, while devoid of facts that would support his claims, shows characteristics common of shotgun pleadings. For example, Cullen's "causes of action" are not directed at a particular Defendant. It is not clear which of the Defendants committed the alleged violations or torts, how they did so, or what relationship exists between Defendants. So the court cautions Cullen to avoid these deficiencies in his amended complaint.

## II.   The IFP Motion and Motion for Equitable Tolling

Cullen filed an IFP application along with his complaint (doc. 2). An applicant may proceed *in forma pauperis* if, "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.*" Martinez v. Kristia Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The court will **DEFER RULING** on Cullen's IFP motion until after he files an amended complaint that complies with the Federal Rules of Civil Procedure.

Cullen also filed a motion for equitable tolling because he filed this lawsuit more than 90 days after the EEOC issued his right to sue letter (*see* doc. 3). Equitable tolling is appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d

1269, 1271 (11th Cir. 1999). It is unclear at this time which, if any, of Cullen's claims in his amended complaint will proceed past the court's screening under 28 U.S.C. § 1915(e). So the court will also **DEFER RULING** on Cullen's motion for equitable tolling until after he repleads his complaint.

## CONCLUSION

For the reasons stated above, the court **ORDERS** Cullen to amend his complaint to cure the pleading deficiencies identified in this order on or before **January 30, 2026**. If Cullen fails to timely file an amended complaint or adequately address the pleading deficiencies the court has identified, the court will dismiss this case under 28 U.S.C. § 1915(e).

Further the court will **DEFER RULING** on Cullen's IFP motion (doc. 2), and motion for equitable tolling (doc. 3), until after Cullen repleads his complaint. The court **DIRECTS** the Clerk of Court to refrain from issuing summonses to Defendants until the court has screened Cullen's amended complaint under 28 U.S.C. § 1915(e) and to mail a copy of this order to Cullen at his address of record.

**DONE** and **ORDERED** on December 31, 2025.

_____

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE